DAVID B. CUMMING *v.* POLICE JURY OF RAPIDES.

Article 123 of the Constitution, which requires taxation to be equal and uniform throughout the State, applies to municipal and parochial, as well as to State taxes.

The ordinance of the Police Jury of the parish of Rapides, passed under the authority of an Act of the Legislature, to compel the inhabitants of a certain portion of the parish to pay the whole amount of a tax the Police Jury found it necessary to impose, in order to defray the expenses of certain embankments and other works which they had caused to be made for the purpose of protecting a portion of the parish from being overflowed by the waters of Red River, is unconstitutional.

APPEAL from the District Court of the Parish of Rapides, *Cushman,* J. *Hyman,* for plaintiff and appellant. *O. N. Ogden,* for defendant.

OGDEN, J. This is a suit commenced by an injunction to prevent the police from collecting a special tax imposed by them on lands subject to inundation in the parish of Rapides. The ordinances of the Police Jury were passed in pursuance of the authority granted to them by an Act of the Legislature of 1848. See Acts of 1848, p. 15. By the first section of this Act, the Police Jury are authorized to impose a special tax on all lands inundated in 1844, for the purpose of paying for embankments which they had caused to be constructed across bayous connected with Red River. The Police Jury was by that Act, authorized to lay off the parish into districts. They passed ordinances to that effect, and imposed a special tax of five and a half per cent. on the lands situated in the parish of Rapides, south of Red River, which were inundated in the year 1844. The plaintiff, whose land is situated in a district south of Red River, designated as No. 1, resists the payment of this tax on the following grounds:

1st. Because the Police Jury exceeded the powers granted by the Act of 1848, by including in the amount to be levied by special tax, not only the costs of the embankments, but likewise the expenses incurred in attempting to collect, by process of law, the special tax imposed under the Act of 1845.

2dly. Because the tax is levied to pay for filling up a navigable stream whose waters communicate with the Mississippi river.

3dly. Because the tax is to defray the expense of embankments made in the parish of Natchitoches, which, at the time of their erection, the Police Jury of Rapides had no authority to construct.

4thly. Because it was the intention of the Acts of 1848 and 1845, that the property taxed was to be benefited by the embankments that were to be made, and that the land of plaintiff is so situated as not to be benefited by them.

And 5thly. Because the tax is not equal and uniform.

We consider it only necessary to notice the last ground of objection to the tax, to wit, that it is not equal and uniform. In the case of the city of New Orleans praying for the opening of Benton street, 9th Ann. R., the present court have decided that Article 123 of the Constitution, which declares that taxation shall be equal and uniform throughout the State, is a principle established by the organic law, equally applicable to parochial and municipal taxes, with State taxes. In this case, an attempt is made, under the authority of an Act of the Legislature, to compel the inhabitants of a certain portion of the parish of Rapides, to pay the whole amount of a tax the Police Jury have

found it necessary to impose, in order to defray the expenses of certaim embankments and other works which they had caused to be made for the purpose of protecting a portion of the parish from being overflowed by the waters of Red River.

The Police Jury is composed of representatives of the people of the parish from every portion of it—it is the representative body for the management of all affairs relative to the internal police of the parish, and has ever since its institution exercised ample powers in regard to the construction of levees, roads and canals, with the power of imposing taxes on the people to defray all such expenses as might be occasioned by such works. Under that system, public works have been carried on for many years, and as long as the tax imposed by the Police Juries was a general one, no complaint was heard. But a system of taxation has lately sprung up altogether different, and which it has been thought is justified, for the reason that the inhabitants of the low lands, being principally benefited by the levees and embankments which became necessary to protect the lands from being overflowed, they alone should be taxed to pay for them. If the power by which this tax is imposed, could be lodged in the hands alone of representatives of the people from the district subject to overflows, and they, exercising the power delegated to them by the Legislature, as a subordinate political body, should impose the tax, it would be free from the constitutional objection, because it would be equal and uniform within the limits of the exercise of such delegated powers ; but under the present system, to render a tax for such purposes constitutional, all the inhabitants of the parish must be taxed alike, whether their lands are subject to overflow or not.

The tax has been imposed, in our opinion, in violation of the Constitutional requisition ; and judgment was properly rendered in the court below, perpetu ating the injunction.

The judgment of the court below is therefore affirmed, with costs.